UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| ANTOYNE MAURICE PENICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:15-cv-00162-TWP-TAB |
| ) | |
| CLARK COUNTY SHERIFFS ) | |
| DEPARTMENT, ) | |
| JAMEY NOEL Sheriff, ) | |
| ROBERT DOOLEY Corrections Officer, ) | |
| ) | |
| Defendants. ) | |

**Entry Denying Leave to Proceed *In Forma Pauperis*, Denying
Request for Counsel, and Dismissing Complaint**

**I.**
***In Forma Pauperis* Motion**

Plaintiff Antoyne Penick's duplicative motions to proceed *in forma pauperis* [dkts. 3, 4] are **denied** as presented. He shall have until **December 21, 2015**, in which renew his motion to proceed *in forma pauperis* by attaching a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action on November 20, 2015. *See* 42 U.S.C. § 1915(a)(2). Otherwise, he must pay the $400.00 filing fee.

**II.**
**Motion for Counsel**

Mr. Pennick filed a letter with his complaint in which he requests counsel from the Court. This motion is **denied**, as the defendants have not been served. The Seventh Circuit has found that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens,* 706 F.3d 843, 845 (7th Cir. 2013).

## III.
## Screening

Mr. Penick is currently incarcerated at the Clark County Jail. Because Mr. Penick is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants.

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleadings standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. Penick are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008). Nonetheless, "[p]ro se litigants are masters of their own complaints and may choose who to sue-or not to sue," *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005), and the court may not rewrite a complaint to include claims that were not presented, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993).

Mr. Penick brings this suit pursuant to 42 U.S.C. § 1983 against defendants Clark County Sheriff's Department, Sheriff Jamey Noel, and Corrections Officer Robert Dooley. He alleges that Officer Dooley directed a racist comment toward him on September 2, 2015.

First, the claims against **Clark County Sheriff's Department and Sheriff Jamey Noel are dismissed** because there are no allegations of wrong doing on their part. Only persons who cause or participate in the violations are responsible. *See Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir. 2005); *see also Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell*'s rule [is that] that public employees are responsible for their own misdeeds but not for anyone else's.") (citing *Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)).

Second, the claim based on Officer Dooley's racist comment alone, must be **dismissed**. The use of "derogatory racial epithet[s]" by a prison official is "unprofessional and inexcusable," but does not violate Mr. Penick's constitutional rights. *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987).

## IV.
## Conclusion

Mr. Penick's complaint must be dismissed for the reasons set forth above, however, this will not lead to the entry of final judgment at this time. Instead, Mr. Penick shall have **through December 21, 2015,** in which to show cause why final judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.")

IT IS SO OREDERD.

Date: 11/23/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANTOYNE MAURICE PENICK
58974
CLARK COUNTY JAIL
Inmate Mail/Parcels
501 East Court Avenue
Jeffersonville, IN 47130